### BANK OF DILLON v. ADAMS *ET AL.*

#### (118 S. E. 417)

VENUE—DEFENDANTS RESIDING IN DIFFERENT COUNTIES, CIRCUIT COURT OF EITHER COUNTY HAS JURISDICTION OF ACTION ON NOTE.—Maker and accommodation indorser of a note were residents of Marlboro county. Subsequent indorsees who were residents of Dillon county sold the note to plaintiff, Bank of Dillon, executing a guaranty of payment on separate paper. The complaint stated a cause of action against maker and indorser and a cause of action against guarantors. *Held,* in the absence of a demurrer for improper joinder of causes of action, under Code Civ. Proc. 1912, §§ 174, 198, the Circuit Court of either county had jurisdiction, in view of Section 218.

Before HENRY BUCK, SPECIAL JUDGE, Dillon, October, 1922. Affirmed.

Action by The Bank of Dillon against Mrs. John Adams, Mrs. J. A. Stanton, Sr., *et al.* From an order refusing to dismiss the action as to Mrs. Stanton and to grant a change of venue, said defendant appeals.

*Messrs. McColl & Stevenson,* for appellant, cite: *Plea to the jurisdiction was proper:* 108 S. C., 148. *Suit against*

*parties severally liable in the same action:* Code Proc. 1912, Sec. 169; 25 Ann. Cas., 1200; 20 R. C. L., 677; 15 Enc. Pl. & Pr. 547; 9 Iowa, 331; 14 Enc. Pl. & Pr., 451; 20 Cyc., 1484; 9 Cyc., 653; 30 Cyc., 221; Rice L., 162. *Where suit is in wrong county immaterial if answer has been filed:* 74 S. C., 438; 110 S. C., 334; 80 S. C., 491; 112 S. C., 128.

*Messrs. Gibson & Muller,* for respondent, cite: *Parties liable as guarantors can be joined in same suit:* 8 C. J., 71; 28 C. J., 914; 12 R. C. L., 1072; 1089; Code Proc. 1912, Sec. 218; 48 S. C., 65. *Answer to the merits waives claim against jurisdiction:* 46 S. C., 9; 69 S. C., 278.

June 12, 1923.

On petition for rehearing July 20, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Henry Buck, Special Judge, refusing a motion to dismiss the action as to Mrs. J. A. Stanton, Sr., because the Court of Common Pleas for Dillon County had no jurisdiction of the subject matter nor of her person, and upon failure to obtain such dismissal to transfer the cause to Marlboro County for trial; she being a resident of that County. The affidavit of Mrs. John Adams, one of the defendants, states that all of the defendants at the commencement of the action were residants of Marlboro County, except J. W. Moore and R. S. Moore.

The exceptions, four in number, challenge the correctness of his Honor's ruling and seek reversal. The exceptions must be overruled under Section 218, Code of Civil Procedure, which gives the right to unite in the same complaint all causes of action growing out of the same transaction or transactions, connected with the same subject of action.

The one obligation in the entire suit is that to pay the plaintiff, the legal holder and owner of the notes, the amount due thereon, and it unquestionably has the right to collect

out of the makers, indorsers, or guarantors. They are all liable upon the same obligations, to wit, the notes sued on; and no doubt the object of the act was to prevent a multiplicity of suits. To hold otherwise would be to defeat the purpose of the provision.

Order appealed from affirmed.

MR. JUSTICE FRASER concurs.

MESSRS. JUSTICES COTHRAN and MARION concur in result.

MR. CHIEF JUSTICE GARY did not sit.

MR. JUSTICE COTHRAN (concurring in the result): The defendant Mrs. Adams was the maker of the notes sued upon, which were indorsed for accommodation by Mrs. Stanton; both were residents of Marlboro County; the payees, residents of Dillon County, indorsed the notes to the Dillon Bank; several days afterwards the payees executed, upon a separate paper and upon a new consideration, a guaranty of the payment of the notes.

Counsel for appellant contends that the causes of action against the original parties to the note, the maker and indorser, and against the subsequent guarantors, cannot be united in the same complaint. Concede this to be true, and I am inclined to think so, it demonstrates that the appellant's remedy was a demurrer for misjoinder of causes of action, a defect which, under the express provisions of Section 198 of the Code, is waived if timely objection by demurrer is not interposed.

The complaint certainly states a cause of action against the residents of Dillon County; it certainly states a cause of action against the residents of Marlboro County; and in the absence of a demurrer that several causes of action were improperly united, the Court of either county had jurisdiction under Section 174.

Upon the question of joinder of causes of action under Section 218, particularly as to causes of action against maker and guarantor, see 8 C. J. 855, and the New York

cases cited upon this point by appellant; also *Etheridge v. Rawleigh* (Ga. App.) 116 S. E., 903.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur. MR. CHIEF JUSTICE GARY did not sit.

### ON PETITION FOR REHEARING.

PER CURIAM. The petition discovers an error in the concurring opinion of Mr. Justice Cothran which requires correction, although the result is not changed thereby. The opinion states:

"The defendant Mrs. Adams was the maker of the notes sued upon, which were indorsed for accommodation by Mrs. Stanton; both were residents of Marlboro County; the payees, residents of Dillon County, indorsed the notes to the Dillon Bank."

As a matter of fact, the payees of the notes were Munn and Barrington, residents of Marlboro County, who indorsed the notes and transferred them to the Moores, partners composing the firm of Carolina Columbia Company, and they, residents of Dillon County, sold the notes to the Bank of Dillon, guaranteeing the payment. It does not appear that the Moores were directly connected by signature with the notes. This correction, if anything, more clearly demonstrates the fact that the complaint states two separate and distinct causes of action.

The burden of the appellant's criticism of the opinion is that it does not appear upon the face of the complaint that there is a misjoinder of causes of action; that for that reason the objection should have been taken by answer or motion and not by demurrer, as the Court holds.

In the first place, if there is in fact a misjoinder of causes of action, a point we are not to be understood as definitely deciding, the misjoinder appears upon the face of the complaint; for there is stated a cause of action upon the notes against all of the defendants and a separate cause of action against the guarantors upon their guaranty subsequently executed.

In the second place, the only exception raising the question is the third, as follows:

"Because it appears from the complaint and the inspection of the notes that the effort is made to join as party defendants two different sets of parties who entered into separate and distinct contractual relations with the plaintiff, by two separate, independent contracts entered into at different times and relating to a different subject matter."

The appellant has no right to complain that the Court adopted the interpretation of the complaint insisted upon by her counsel, and has not sustained an inconsistent position now attempted to be maintained.

It is therefore ordered that the petition for a rehearing be dismissed and the order heretofore passed staying the remittiture be revoked.

MR. JUSTICE MARION: I dissent.